United States District Court
Southern District of Texas
**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT OF TEXAS

Austin, et al.,                             §
                                            §
      Plaintiffs,                   §
                                            §
versus                                      §            Civil Action H-21-686
                                            §
Houston Community College, et al.,          §
                                            §
      Defendants.                   §

## Opinion on Summary Judgment

1.   *Background.*

The black employees at Houston Community College claim that they experienced intentional discrimination. Some of these claims are time-barred based on the statute of limitations. The College moved to dismiss the claims that are time-barred.

2.   *Statute of Limitations.*

Section 1983 does not prescribe a uniform statue of limitations. It gleans to the states for guidance on the applicable law.

This Court has already clarified that the statute of limitations is two years. Because the employees bring their claims through Section 1983, the two-year limitations period of Texas law applies.[1] Accrual is determined by federal law. The employees' claims accrued when they knew or had reason to know of the injury.[2] The limitations period runs on the date of the challenged conduct, not necessarily when the employee is no longer employed.[3]

---

[1] *Jones v. Tex. Juvenile Justice Dep't*, 698 Fed. Appx. 215, 216 (5th Cir. 2017).

[2] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

[3] *Delaware State College v. Ricks*, 449 U.S. 250 (1980).

3. *Tolling.*

Austin says that the *Brown* lawsuit tolled the statute of limitations for all potential class members. He says that the statute of limitations should run on June 19, 2018– two years before Brown filed her petition.

The College argues that the employees prematurely filed this complaint before the Court ruled on the class action. It says that they abandoned the *Brown* suit and its tolling protection with the new complaint. It relies on other circuit court decisions that have rejected tolling when plaintiffs file duplicative lawsuits while a class certification is pending.[4] It insists that the statute of limitations should be two years before this lawsuit was filed on March 9, 2019.

State tolling laws apply to Section 1983 federal class actions.[5] In Texas, the Texas Third District Court of Appeals held that filing a class action tolls the statute of limitations for purported class members who seek to bring claims after denial of class.[6] The state court relied on *American Pipe*, where the Supreme Court held that the State of Utah's statute of limitations was tolled by the filing of a class action.[7]

The employees in this case were members of a potential class in *Brown*. The Fifth Circuit has not ruled on whether a putative class member abandons the benefit of tolling when they file another lawsuit asserting the same claims before a decision on certification.

Other circuits are split on this question. The Second, Ninth, and Tenth Circuits have held that tolling applies even when a potential class member files a

---

[4] *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 569 (6th Cir. 2005)

[5] *Chardon v Fumero Soto*, 462 U.S. 650, 652 (1983).

[6] *See Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320 (Tex. App. 2017).

[7] *See American Pipe v. Construction Co. v. Utah*, 414 U.S. 538 (1974).

lawsuit before a ruling on certification.[8] The First and Sixth Circuits hold otherwise.[9] The federal district courts application of tolling has also varied.[10]

The plaintiffs in this case have been far from efficient. Tolling putative class member claims fulfills the important objective of limiting a multitude of lawsuits before a class is certified. It would be unjust, however, to penalize those parties for merely taking a precaution. Judicial efficiency would be better served by clearly defined rules on tolling in class actions which the Fifth Circuit has yet to do. The employees have not abandoned their claims.

On June 19, 2020, Zeliah Brown filed her lawsuit with a putative class of "all black employees employed at the College from 2014 to present." Because the employees who filed the subsequent lawsuit did not abandon their claims, the statute of limitations bars claims that accrued before June 19, 2018.

If a two-year statute of limitations applies, then these defendants are definitively time-barred based on their asserted claim:

| | |
|---|---|
| Johnella Bradford | Shirley Parish |
| Adrian Brown | Wilma Perkins |
| Readri Epps-Lincoln | Sheila Quinn |
| Demeita Johnson | Ernest Reynolds |
| Stephanie Jones | Kisten Rhodes |
| Beverly Joseph | Carrie Robinson |
| Pandora Jubilee | Rose Russell |
| Betty Keller | Godwin Unuigobokhai |
| Latina King | Miesha Mosley |

---

[8] *In Re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008); *State Farm Mut. Auto Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1232 (10th Cir. 2008); *In Re World Com Secs. Litig.*, 496 F.3d 245, 252 (2d Cir. 2007).

[9] *Wyser-Prate Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 569 (6th Cir. 2005); *Glater v. Eli Lilly & Co.*, 712 F.3d 735, 739 (1st Cir. 1983).

[10] *See Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793, 800 (N.D. Tex. 2000); *But see In Re BP p.l.c. Sec. Litig.*, No. 4:13-cv-1393, 2014 WL 4923749, at *4 (S.D. Tex. Sept. 30, 2014).

4. *Partially Time-Barred Claims.*

Some of the black employees' have multiple claims that accrued outside the two-year limitations period. The College served interrogatories to these employees that were answered with a bare minimum of facts, dates, and information to determine when the injury began. Some of these injuries do not match the pleadings and have dates that preceded the Plan. The Court treats each injury as a discrete discriminatory act.

A. *Antrece Baggett.*

In the summer of 2015, Antrece Baggett says that she was demoted. The same year, she says she was denied a promotion. Four years later, she says she was removed from her position. The Plan began in 2014. Baggett would have been alerted to the injury in 2015 when she was demoted and denied a promotion. She did not file a claim. This claim is time-barred.

In September 2020 and 2021, Baggett says that she was removed from a position and did not receive a promotion. This claim survives.

B. *Ashley Britton-Picot.*

In February 2019, Britton-Picot says that she experienced pay disparity, harassment and retaliation which led to her constructive discharge. Because it is within the statute of limitations, her claim remains.

She also says she was denied several promotions for 91 submissions she sent to the College. Because she applied between 2018 and 2022, this claim survives.

C. *Cassandra Brown.*

Between May 17, 2017 and May 9 2022, Cassandra Brown was denied eleven promotions. Her pleading only identifies the College's failure to promote her to the position of recruiter as the injury in 2019.

The events that should have notified her of an injury would be her inability to get promoted to each position she applied to. In 2017, she received her

first rejection – four years after implementation of the policy. She was rejected ten times afterwards.

Because every failure to promote is a distinct act, her claims for injury before June 19, 2018 are time-barred.

D. *Shirley Collins.*

Since 2015, Shirley Collins says that she applied for jobs and was denied interviews. Her applications for promotion before June 19, 2018 are time-barred. She does not specify which promotions she did not get and when. She must amend her interrogatory with specific dates and information responsive to the questions.

Collins's claim that she was demoted on August 31, 2020, her claim survives.

E. *Lisa Cooper.*

Her interrogatories proclaim that she was denied promotions in April 2012. Because it occurred before the plan, it could not be relevant to her intentional discrimination claim that is pleaded as part of the Plan. Her 2012 claims fail.

From 2013 to the present, Cooper says she has been paid unequally. Because she became aware of this injury in 2013, her claim accrued almost ten years ago and has expired.

Lisa Cooper's pleading says that she became aware of the pay disparity and discrimination against black employees when she filed a complaint for improper conduct on September 30, 2019. This claim survives.

F. *Marcus Curvey.*

Marcus Curvey says that he was paid unequally from 1999 to 2002. Because this claim occurred before June 19, 2018, it is barred.

Ten years later, Curvey says he experienced harassment and discrimination based on a medical condition with his beard. He says this injury occurred in August 2020. This claim survives.

G.   *Carolyn Davis.*

In December 2017, Carolyn Davis says she was denied a promotion. Because this claim occurred before June 19, 2018, it is time-barred.

She says she was denied subsequent promotions in October 2019 and 2020. These claims survive.

Her pleading identifies another incident of discrimination based on a false report. The false report occurred in April 2016. Because her injury began in April 2016, it is time-barred.

She says that she applied for 40 positions that she never received. The interrogatories do not give specific dates for her failure to promote claim. Those positions that she applied for before June 19, 2018 are time-barred.

H.   *Karen Davis.*

Karen Davis says she was paid unequally from 2003 to the present. Her pleading says that in 2014, she first noticed that she was getting paid less than her white and Hispanic co-workers.

Because her awareness of the pay disparity began in 2014, her pay disparity claim is time-barred.

I.   *Syble Davis.*

From 2017 to 2021, Syble Davis has applied to several jobs at the College. She says she did not receive promotions. Her pleading identified a separate incident where she claims that her co-worker retaliated against her. She does not identify this incident as an injury in her interrogatories. She must amend her answers to cure these deficiencies.

Because more information is necessary to determine whether the pleaded incident occurred in the two-year time-period, her claim survives.

J.  *Catina Eiland.*

Catina Eiland says she was fired in 2018. Her termination could constitute notice of her injury. Because the interrogatory did not have a definitive date for her termination, more information is necessary to determine whether she is time-barred. Her claim survives.

K.  *Geraldine Gibson.*

In February 2018, Geraldine Gibson says that she experienced a hostile work environment. This claim is time-barred.

She also says she was constructively discharged in October 27, 2020. Because was constructively discharged after the statute of limitations, this claim remains.

L.  *Afrah Hassan.*

Afrah Hassan's pleading says that in April 2018, she discovered that she was paid less than his white and Hispanic coworkers. Her interrogatories did not list a date.

Based on her amended pleadings in *Adams*, the date of injury falls outside the statute of limitations. Her pay disparity claim is time-barred.

She also says she experienced harassment and retaliation without saying when these incidents occurred. Her current answers without a date are woefully inadequate. She must amend his answers with specific dates for each claim.

M.  *Kim Ingram.*

Kim Ingram says that her first demotion occurred in 2017. This claim is time-barred.

She says that she was subsequently denied promotions from 2017-2019. Her failure to promote claim survives for the positions that she applied to after on or after June 19, 2018.

### N. *Dawnica Jackson.*

Dawnica Jackson says that she was demoted in 2015 and 2017Her pleading also identified that she noticed her white and Hispanic coworkers were paid more in October 2017.

By at least 2017, Jackson was aware of her pay disparity claim. Because she was injured before the two-year statute of limitations period. This claim is dismissed.

Her demotion in May 2019 is within the statute of limitations and survives.

### O. *Reginald Johnson.*

In 2015, Reginald Johnson says that she was denied a pay raise while her white and Hispanic coworkers received a pay increase and promotions. She says in 2008, 2009, and 2019, she was not promoted to Lieutenant.

Her pleading acknowledges the effect of the Plan as soon as 2015. She would have been made aware of her injury as soon as 2015 when she did not receive a pay increase. Because her pay disparity claim occurred before the statute of limitation, it is time-barred.

Her claim for failure to promote to Lieutenant in 2019 survives because it occurred after June 19, 2018.

### P. *Edna Kingsley.*

For six years, Edna Kingsley says she has been unable to obtain a full-time position at the College. She applied to five jobs between May 2018 and October 2018 and received none. Her first series of applications for a promotion began in 2016.

The only promotion that falls under the statute of limitations is her April 25, 2020 claim for failure to obtain the position as Associate Dean Student Engagement and success. This claim survives – the rest are time-barred.

Q. *Marlene London.*

Marlene London says that she was injured through: (1) pay disparity; and (2) a hostile work environment. In 2019, she was constructively discharged.

The limitations period for a constructive discharge claim does not begin to run until after the discharge itself. Because she says she resigned in 2019, her claim survives.

R. *Damita McLain.*

Damita McLain says she was injured from September 2014 to May 2019. This broad range of time does not give specific information about when the injury occurred. She must specify the dates that correspond to each injury.

Her pleading says she was diagnosed with cancer in 2016 and found that the College did not accommodate her disability. She must amend her interrogatory to clarify when she wrote to the Chancellor, which is necessary to identify her date of injury.

S. *Marcus McNeil.*

Marcus McNeil's pleading says that he was wrongly disciplined in 2017, 2018, and 2019. He says that he was not afforded the same training opportunities as his white and Hispanic co-workers.

His 2017 and 2018 claim accrued before the statute of limitations, it is time-barred. Her 2019 claim survives.

She also says she was not afforded the same training opportunities from 2014 to the present. To the extent that she was aware of her injury in 2014, this claim is time-barred.

T. *Shiarnice Taylor.*

Since 2015, Shiarnice Taylor says she has been an employee at the College. Her pleading says that she experienced harassment from the beginning. Her interrogatories do not give a specific date.

Because she says she was injured from the start, her harrasement claim began to accrue in 2015. It is time-barred.

She does not identify a specific date for her denial of promotion, retliation, or harassment claim. She must amend her answers with concrete information to determine whether her claims fall outside the statute of limitations.

### U. *Crystal Thomas.*

Crystal Thomas says that she has not received a promotion since 2014. She identifies the positions she applied to and the corresponding dates in her interrogatory.

She applied to at least four promotional positions before 2019 that she did not receive. Those claims are time-barred.

On October 9, 2019, she says she was not promoted. This claim for failure to promote survives. Because her "discriminatory pay" began in May 2020, it also survives.

### V. *Germaine Washington.*

Germaine Washington's first injury of unequal pay occurred on January 30, 2018. This injury occurred too early to fall under the two-year time period.

The subsequent retaliation she says that she faced on January 28, 2021, occurred too late. Her claim is time-barred.

### W. *Frederica Watson.*

In 2018, Frederica Watson says that she did not receive a promotion. She must amend her interrogatory to specify exactly when in 2018 she says she did not get promoted.

Her subsequent injuries of "failure to provide benefits" and retaliation occurred after the statute of limitation period. These claims survive.

5.  *Conclusion.*

The employees whose claimed injury occurred before June 19, 2018, are dismissed.

Karen Davis's, Gerladine Gibson's and Germain Washington's claims are time-barred because their pleadings or interrogatories say that they were injured outside the statute of limitations. These employees will be dismissed.

The employees below require more information to assess their claims. The black employees must amend their interrogatories with specific dates to ascertain the date of injury and whether it falls under the statute of limitations.

| | |
|---|---|
| Syble Davis | Damita McLain |
| Catina Eiland | Frederica Watson |
| Shirley Collins | Afrah Hassan |
| | Shiarnice Taylor |

Signed on September 12, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge