IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUSTIN, *et al.*, § <br>    *Plaintiffs*, § <br> § <br> v. § <br> § <br> HOUSTON COMMUNITY COLLEGE § <br> SYSTEM, *et al.*, § <br>    *Defendants*. § | CIVIL ACTION NO. 4:21-cv-00686 |

## JOINT CASE STATUS REPORT

Plaintiffs and Defendants for the above captioned and numbered case file this Joint Case Status Report as requested by the Court on March 22, 2023 and respectfully show the following:

**a. Plaintiffs' Response**

It has been over 30 months since Zelia Brown filed her initial lawsuit against Houston Community College (hereinafter "HCC") asserting allegations of racial discrimination, specifically violations of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; Tex. Labor Code § 21.001, and the Texas Whistleblower Act. As the Court may be aware, Zelia Brown's allegations led to two additional discrimination lawsuits being filed by over one hundred current and former black employees against HCC, referred herein as the *Austin* and *Adams* cases.

This Court ordered dismissal of a number of claims in the *Austin* and *Adams* cases with prejudice, but permitted a substantial portion of the *Brown, Austin,* and *Adams* Plaintiffs to proceed against HCC.

To date, only limited discovery has been permitted in the case. No depositions have been taken by Plaintiffs in this case and there are many fact witnesses which will require deposition as to each individual Plaintiff's respective claims.

Plaintiffs intend to ask later for a discovery order to take a number of fact witness depositions, as well as corporate representative depositions of HCC on specific subjects, after the allowed factual depositions have been completed. Recently, HCC's Board of Trustees elected not to renew the contract of Chancellor Cesar Maldonado despite his request to remain with the college. Given the departure of some of the key parties in HCC's racial transformation plan, Plaintiffs request the opportunity to depose key witnesses, including Chancellor Maldonado, before any other individuals flee the ship. Plaintiffs request additional discovery including, but not limited to, the depositions of Chancellor Cesar Maldonado; Cynthia Lenton-Gary, John Boxie, Norma Perez, Renee Mack, and an HCC Corporate Representative(s). As alleged in Plaintiffs' complaint, Chancellor Maldonado was one of the ultimate policy makers at the College and would have direct knowledge of (1) whether Defendants created a deliberate general policy for targeting, demoting and discharging Black employees; (2) whether Defendants engaged in a general policy, pattern and practice of replacing Black employees with less qualified Hispanic or White employees; 3) whether these actions were the result of a de facto policy of racial

discrimination; and 4) whether Defendants are liable for damages for discriminatory conduct based on race in violation of Section 1981.

To date, only extremely limited written discovery has been permitted to take place. Accordingly, Plaintiffs also ask for a discovery order permitting Plaintiffs to propound on the defendants up to 20 interrogatories, 25 requests for production, and 25 requests for admission.

Lastly, Plaintiffs' Counsel previously filed a Motion to Compel Mediation for the *Brown/Austin/Adams* cases. HCC objected to Plaintiffs' Motion, and recently, the Court entered an Order declining to order mediation at this point in time. However, Plaintiffs' Counsel still feel that an order from this Court appointing a mediator and compelling the parties to mediate the *Brown, Austin,* and *Adams* cases by a date certain to be both practicable and appropriate at this time in order to explore the possibility of avoiding further costs, fees, and time undoubtedly remaining to litigate these matters. Plaintiffs' Counsel would request the Court reconsider its previous ruling on mediation and enter an order requiring that both parties, including members of HCC's Board of Trustees, attend with full authority to fully and finally settle the cases as soon as practicable.

The following additional issues may be appropriate for the Court to address in any future orders:

—How to handle the related *Adams, Austin, and Brown* cases and use of discovery in the respective cases to promote efficiency;

—Plaintiffs previously filed a motion for clarification as it relates to the claims of Germaine Washington which has yet to be addressed.

—Plaintiffs ask that their deadline to designate experts not be scheduled sooner than 60 days after factual discovery has been completed;

—Deadline for ADR/Mediation;

—Dispositive/Daubert challenge deadlines be scheduled; and

—Trial date

### b. Defendants' Response

*Overview*

This is an employment case with 46 remaining plaintiffs. All plaintiffs allege race discrimination under 42 U.S.C. Section 1981, and some plaintiffs also allege retaliation under 42 U.S.C. Section 1981. Plaintiffs' claims are widely disparate—some allege "pay disparities," others allege demotions and/or failure to promote, others allege constructive discharge, and still others allege unlawful termination. Additionally, plaintiffs hold (or held) a wide range of positions, from police officer to faculty member to administrative assistant, to financial aid clerk, and allege wrongful conduct by a similarly wide range of supervisors. In sum, this case is an amalgamation of 46 different cases brought by 46 plaintiffs. HCC maintains that all of the plaintiffs' claims should be dismissed on summary judgment—particularly given that plaintiffs are wholly incapable of establishing the elements of municipal liability under Section 1983. Indeed, plaintiffs' disparate claims and theories underscore the absence of an unconstitutional custom, practice or policy.

*Pending Motions for Reconsideration*

Plaintiffs have requested that the Court reconsider the dismissal of plaintiff Germaine Washington. HCC has requested that the Court reconsider its decision not to dismiss plaintiff Joan Austin.

*Discovery*

At HCC's request, the Court permitted HCC to serve interrogatories to plaintiffs limited to ascertaining the dates when each plaintiff claimed he or she was injured by HCC. Plaintiffs answered those interrogatories in July 2022 and HCC incorporated those interrogatory answers into its motion for partial summary judgment on the grounds of limitations. The Court ruled on HCC's motion in September 2022.

The disparate nature of plaintiffs' claims requires a narrowly tailed discovery plan. HCC requests that the Court establish a protocol for determining the material issues with respect to each remaining plaintiff's claims and permit limited discovery as to those claims. HCC is prepared to tender the personnel files of each plaintiff to opposing counsel as well as documents related to the adverse employment actions at issue. HCC maintains that unfettered discovery would result in an inefficient and impractical approach to this case.

## *Mediation*

This Court recently denied plaintiffs' request to compel mediation. HCC continues to oppose court-ordered mediation and maintains that plaintiffs' claims should be dismissed on summary judgment.

Respectfully submitted,

**THE HALL LAW GROUP, PLLC**

*/s/ Benjamin L. Hall*
**Benjamin L. Hall, III**
State Bar No. 08743745
S.D. Tex. No. 8787

530 Lovett Blvd.
Houston, Texas 77006
Telephone: (713) 942-9600
Facsimile: (713) 942-9566
bhall@bhalllawfirm.com

**OF COUNSEL:**

**THE HALL LAW GROUP, PLLC**

**William L. Van Fleet II**
State Bar No. 20494750
S.D. Tex. Bar No. 3670
bvfleet@comcast.net
530 Lovett Blvd.
Houston, Texas 77006
Telephone: (713) 942-9600
Facsimile: (713) 942-9566

-AND-

**THE HITTNER GROUP, PLLC**

**George J. Hittner**
State Bar No. 24038959
S.D. Tex. Bar No. 431901
george.hittner@thehittnergroup.com
P.O. Box 541189
Houston, Texas 77254
Phone: (713) 505-1003

-AND-

**THE VILLACORTA LAW FIRM, P.C.**

**Adrian V. Villacorta**
State Bar No. 24003111
S.D. Tex. Bar No. 31243
530 Lovett Blvd.
Houston, Texas 77006
Telephone: (832) 865-7940
Facsimile: (832) 201-7469

avillacorta@avvlaw.com

-AND-

**JIMMY ARDOIN & ASSOCIATES, PLLC**

**James Ardoin**
State Bar No. 24045420
S.D. Tex. Bar No. 571281
4900 Fournace Place, Suite 550
Houston, Texas 77401
Phone: (713) 574-8900
Toll Free: (888) 701-8509
Email: jimmy@jimmyardoinlaw.com

-AND-

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

Joseph Y. Ahmad
Texas Bar No. 00941100
S.D. Tex. Bar No. 11604
Jordan Warshauer
Texas Bar No. 24086613
S.D. Tex. Bar No. 2994699
Edward B. Goolsby
Texas Bar No. 24092436
S.D. Tex. Bar No. 2505570
Nathan B. Campbell
Texas Bar No. 24097455
S.D. Tex. Bar No. 2745040
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
joeahmad@azalaw.com
egoolsby@azalaw.com
jwarshauer@azalaw.com
ncampbell@azalaw.com

**ATTORNEYS FOR PLAINTIFFS**

**FILED WITH PERMISSION FROM DEFENDANT.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, a true and correct copy of the foregoing was served via CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure.

>*/s/Benjamin L. Hall, III*
>**Benjamin L. Hall, III**