IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEFFREY AUSTIN, ET AL.,** § | |
| § | |
| *Plaintiffs,* § | |
| § | CIVIL ACTION NO. 4:21-cv-00686 |
| § | |
| v. § | |
| § | |
| **HOUSTON COMMUNITY COLLEGE** § | |
| **SYSTEM,** § | |
| § | |
| *Defendant.* § | |

### DEFENDANT HOUSTON COMMUNITY COLLEGE'S OPPOSED MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO FRCP 54(b)

Defendant Houston Community College ("HCC" or "the College") files its Opposed Motion for Entry of Partial Final Judgment pursuant to FRCP 54(b) as follows:

### NATURE AND STATE OF PROCEEDINGS

This case originally involved ninety-one (91) plaintiffs who claimed they experienced intentional discrimination by HCC. The Court previously dismissed the claims of 48 plaintiffs in response to HCC's Motion to Dismiss and Motion for Summary Judgment. The issuance of a final judgment as 15 of these dismissed plaintiffs who are currently (and improperly) plaintiffs in two separate pending lawsuits against the College comports with both the policy and practicalities underlying Rule 54(b) and will allow the remaining plaintiffs to extricate themselves without further delay. Those 15 plaintiffs at issue, as explained in detail below, have no remaining claims against HCC. Accordingly, HCC requests that the Court enter a partial final judgment as to their claims against HCC.

## **STATEMENT OF THE ISSUES**

Whether final judgment should be issued as to the claims of 15 plaintiffs whose claims against HCC have been dismissed with prejudice.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(b) provides in pertinent part, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay . . . ." *See* FED. R. CIV. P. 54(b). The Supreme Court has recognized that there are two steps for the Court to take in considering whether a judgment that would otherwise be interlocutory may be certified as final and appealable under Rule 54(b). *See Curtiss-Wright Corp. v. General Elec. Co.*, 466 U.S. 1, 7 (1980). First, the Court must determine that it is dealing with a "final judgment" in that "it is a decision upon a cognizable claim for relief," and "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck, & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, "[o]nce having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8.

Although "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims . . . it is left to the sound judicial discretion of the district court to the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Sears, Roebuck, & Co.*, 351 U.S. at 437) (internal citation omitted). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in [a particular] setting . . . , a district court must take into account

judicial administrative interests as well as the equities involved," in an attempt to "assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck, & Co.*, 351 U.S. at 438) (omission and insertions added).

In deciding whether partial final judgment is appropriate, courts may consider several factors, including "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there [are] subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). Likewise, a critical factor for consideration is whether the appellate court would be required to confront the same legal or factual issue multiple times. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 & n.5 (5th Cir. 1999). The Fifth Circuit has also recognized that Rule 54(b) certification is proper in a case involving multiple parties where a court dismisses claims against one party, even if the claims against any remaining parties rest on the same factual and legal issues. *See Ackerman v. F.D.I.C.*, 973 F.2d 1221 (5th Cir. 1992). Here, the Court's Partial Dismissal Orders granting the HCC's Motion to Dismiss and Motion for Summary Judgment is appropriate for certification as a final judgment under Rule 54(b).

## FACTUAL BACKGROUND

On April 28, 2022, this Court issued a Partial Dismissal Order in response to HCC's Rule 12(b)(6) Motion to Dismiss, dismissing with prejudice the following twenty-seven (27) plaintiffs: Deliah Brown, Hyginus Chukwu, Ava Cosey, Terrence Crosby, Linda Denkins, Brigette Dennis, Charles Drayden, Lorlie Ellis, Rosalyn Francis, Cheryl Goode, Brandy Griffin, Afrah Hassan, Avis

Horde, Rodney Jackson, China Jenkins, Michelle Johnson, Andrea Jones, Stephanie Jones, Ellamees Kelly-Molo, Elfreda King, Lue Mims, Krishna Morancie, Mary Page, Beverly Perry, Erica Rhone, Felicia Rucker-Carter, and LaQuinta Vargas. *See* Dkt. 44.

On May 13, 2022, 29 plaintiffs, including the 27 previously dismissed with prejudice and 2 plaintiffs—Carrie Robinson and Godwin Unuigbokhai—who at the time still remained in the instant case, filed another lawsuit (in addition to 27 new plaintiffs) against the College asserting the exact same facts and claims as those dismissed from this case. *See Jimmy Adams et al. v. Houston Community College*, C.A. No. 4:22-cv-01547. On September 12, 2022, this Court issued a Partial Dismissal Order in response to HCC's Rule 56(c) Motion for Partial Summary Judgment, dismissing with prejudice an additional twenty-one (21) plaintiffs, including Carrie Robinson and Godwin Unuigbokhai who had, at that time, asserted claims in the *Adams* lawsuit. In *Adams*, the Court granted HCC's Rule 12(b)(6) Motion to Dismiss, in part, and dismissed the claims of the following 14 (of the 29) plaintiffs who were previously *Austin* plaintiffs: Deliah Brown, Felicia Rucker-Carter, Ava Cosey, Linda Denkins, Lorlie Ellis, Rosalyn Francis, Cheryl Goode, Avis Horde, China Jenkins, Michelle Johnson, Elfreda Kind, Lue Mims, Mary Page, and Beverly Perry. *Id*.

Thus, 15 plaintiffs who were previously *Austin* plaintiffs are currently (and improperly) plaintiffs in two pending lawsuits against the College—Hyginus Chukwu, Terrence Crosby, Brigette Dennis, Charles Drayden, Brandy Griffin, Afrah Hassan, Rodney Jackson, Andrea Jones, Stephanie Jones, Ellamees Kelly-Molo, Kishma Morancie, Erica Rhone, Carrie Robinson, Godwin Unuigbokhai, and LaQuinta Vargas.

## SUMMARY OF THE ARGUMENT

Final judgment should be issued as to the claims of 15 plaintiffs whose claims against HCC have been dismissed with prejudice – and there is no just reason for delay.

## ARGUMENT AND AUTHORITIES

The claims of 15 plaintiffs who are currently and improperly in two pending lawsuits against the College, were dismissed in their entirety because they failed to either state a claim upon which relief could be granted pursuant to Rule 12(b)(6) or were barred by statute of limitations pursuant to Rule 56(c); thus, their claims are separable from those of the remaining plaintiffs, and the grant of HCC's Motion to Dismiss and Motion for Summary Judgment as to Limitations constitutes final rulings as to them. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (a Rule 12(b)(6) dismissal is an adjudication on the merits). The ruling made by the Court on these 15 plaintiffs' claims against HCC is "final" under the test articulated in *Curtiss-Wright* because it is a "decision upon a cognizable claim for relief," and it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7. Accordingly, as none of the 15 plaintiffs' claims in this lawsuit remain pending against the College, it is clear that the Court's Partial Dismissal Orders granting HCC's Motion to Dismiss pursuant to Rule 12(b)(6) and HCC's Motion for Summary Judgment pursuant to Rule 56(c) are "final."

Additionally, this is a case where there is "no just reason" to delay the entry of final judgment as to the claims of these 15 plaintiffs against HCC. This is particularly true given that these plaintiffs have jettisoned this lawsuit and filed an entirely new lawsuit against HCC asserting the exact same claims based on the exact same set of facts. Since these plaintiffs have demonstrated their utter disregard for this Court's ruling and simply taken another shot by means of a brand-new

lawsuit, it is apparent that they no longer desire to remain in this lawsuit and should welcome the entry of a final judgment. Otherwise, it is clear they are intentionally subjecting HCC, and the Court itself, to vexatious litigation and the associated wasted costs and resources.

Additionally, the 15 plaintiffs will be required to wait until the claims of the remaining forty-three (43) plaintiffs are fully litigated before they are able to appeal their claims, which could take years given the large number of plaintiffs. Additionally, the continued specter of the claims of the 15 dismissed plaintiffs while awaiting ultimate appeal impedes and delays resolution of the remaining plaintiffs' claims. *See* Dkt. 34, Plaintiffs' Combined MSJ Response (arguing *res judicata* as to other plaintiffs does not apply as there is not a final judgment). As mentioned above, there are no live claims by those 15 plaintiffs against HCC. In fact, the claims of the remaining 43 plaintiffs against HCC are legally and factually distinct from each other, including those 15 plaintiffs that were previously dismissed. Accordingly, there exists "no just reason" not to certify the Partial Dismissal Orders dismissing those 15 plaintiffs' claims against HCC as a final judgment.

Moreover, Rule 54(b) certification is in the interest of sound judicial administration and economy because HCC should not have to wait to possibly defend these claims on appeal at some indeterminate future time, or otherwise be held hostage in moving this case forward by those 15 plaintiffs who have been dismissed with prejudice and are playing the waiting game. In the interest of preserving both judicial economy and public funds, HCC accordingly requests that the Court grant them finality and certify the Court's Partial Dismissal Orders dismissing the 15 plaintiffs' claims against HCC as a final judgment under Rule 54(b).

**Prayer**

Defendant Houston Community College respectfully requests that this Court grant its Motion for Entry of Partial Final Judgment and enter a final judgment dismissing the claims of plaintiffs Hyginus Chukwu, Terrence Crosby, Brigette Dennis, Charles Drayden, Brandy Griffin, Afrah Hassan, Rodney Jackson, Andrea Jones, Stephanie Jones, Ellamees Kelly-Molo, Kishma Morancie, Erica Rhone, Carrie Robinson, Godwin Unuigbokhai, and LaQuinta Vargas against HCC with prejudice.

Respectfully submitted,

**SPALDING NICOLS LAMP LANGLOIS**

/s/ Paul A. Lamp
PAUL A. LAMP
Attorney-in-Charge
State Bar No. 24002443
Fed. I.D. 21711
plamp@snll-law.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@snll-law.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

ATTORNEYS FOR DEFENDANT HCC

**CERTIFICATE OF WORD COUNT**

I certify that this Motion for Entry of Partial Final Judgment complies with the word count contained in the Court's Procedure No. 16(c) because it contains 1,764 words excluding those portions that are exempt by the Court's Procedures.

/s/ Paul A. Lamp
Attorney for Defendant HCC

## CERTIFICATE OF CONFERENCE

      I hereby certify that I conferred in good faith with plaintiffs' counsel regarding the filing of this motion and the relief requested therein on April 26, 2023 and April 28, 2023. Plaintiffs' counsel (Jordan Warshauer) stated that plaintiffs were opposed.

/s/ Paul A. Lamp
Attorney for Defendant HCC

## CERTIFICATE OF SERVICE

      I certify that on this the April 28, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin L. Hall, III
bhall@bhalllawfirm.com
William L. Van Fleet, II
bvfleet@comcast.net
Ryan Finnegan
rfinnegan@thlf.us
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Texas 77006
*(via* CM/ECF)

George J. Hittner
George.hittner@thehittnergroup.com
The Hittner Group, PLLC
P.O. Box 541189
Houston, Texas 77254
*(via* CM/ECF)

Adrian V. Villacorta
avillacorta@avvlaw.com
The Villacorta Law Firm, PC
530 Lovett Blvd.
Houston, Texas 77057
*(via* CM/ECF)

James Ardoin
jimmy@jimmyardoinlaw.com
Jimmy Ardoin & Associates, PLLC
4900 Fournace Place, Suite 550
Houston, Texas 77401
*(via* CM/ECF)

Joseph Y. Ahmad
joeahmad@azalaw.com
Jordan Warshauer
jwarshauer@azalaw.com
Edward B. Goolsby
egoolsby@azalaw.com
Nathan B. Campbell
ncampbell@azalaw.com
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(*via* CM/ECF)

/s/ Paul A. Lamp
Attorney for Defendant HCC