United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEFFREY AUSTIN,** *et. al*, §<br>§<br>**Plaintiffs,** §<br>§<br>v. §<br>§<br>**HOUSTON COMMUNITY COLLEGE** §<br>**SYSTEM,** §<br>§<br>**Defendant.** § | Civil Action No. 4:21-CV-00686 |

## ORDER

This is a case brought by dozens of current and former Black employees and applicants involved with Defendant Houston Community College System ("HCC"). The Plaintiffs allege that HCC engaged in racial discrimination and retaliation in violation of 42 U.S.C. §§ 1981, 1983. In September 2022, Judge Lynn Hughes dismissed 21 plaintiffs from the case pursuant to his summary judgment finding that the statute of limitations bars all claims that accrued prior to June 19, 2018. Omitted from those dismissed was Plaintiff Joan Austin ("Austin"), whose claims all accrued prior to June 19, 2018. HCC asks the Court to reconsider Judge Hughes's previous order failing to dismiss Austin. Conversely, among those dismissed was Plaintiff Germaine Washington ("Washington"), whose claims both pre-dated and post-dated the permissible date of accrual. Plaintiffs ask the Court to reconsider the previous orders as to Washington's claims that are not time-barred.

Pending before the Court is Defendant's Motion for Reconsideration of Summary Judgment Ruling and Partial Dismissal Order as to Plaintiff Joan Austin, (Dkt. No. 59), and Plaintiffs' Motion for Reconsideration of Partial Dismissal Order as to Germaine Washington, (Dkt. No. 60). For the following reasons, the Court **GRANTS** the Motions.

## I. BACKGROUND[1]

In September 2022, Judge Hughes held that Plaintiffs "whose claimed injury occurred before June 18, 2018, are dismissed" because their claims are time-barred. (Dkt. No. 54 at 11). As a result, 21 Plaintiffs were dismissed from this case. (*See* Dkt. No. 55). Joan Austin was neither mentioned in the summary judgment opinion, (*see* Dkt. No. 54), nor among the 21 dismissed Plaintiffs, (*see* Dkt. No. 55), despite the fact that all of Austin's claims began accruing prior to May 30, 2017. (Dkt. No. 59 at 2). Conversely, Germaine Washington and her claims were discussed in the summary judgment opinion, finding that Germaine's injuries both pre-accrual date and post-accrual date were time-barred. (Dkt. No. 60 at 1); (*see* Dkt. No. 54 at 10). The Parties now ask the Court to reconsider and correct these two errors in the previous orders. For the following reasons, the Court finds that these corrections are appropriate.

## II. LEGAL STANDARD

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*,

---

[1] The Court makes these findings solely for the purpose of this Order.

969 F.3d 219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam)); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment"). District courts have discretion to deny motions for reconsideration and "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Austin*, 864 F.3d at 329 (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

### III. DISCUSSION

#### A. DEFENDANT'S MOTION AS TO JOAN AUSTIN

HCC argues that because Austin's claimed injuries occurred before June 19, 2018, she "should have been included in the list of plaintiffs whose claims are definitively time-barred and her claims should have been dismissed with prejudice." (Dkt. No. 59 at 1). Plaintiffs "do not dispute that Joan Austin's last injury was in May 2017," and "therefore acknowledge that Plaintiff Joan Austin's claims are time barred under the Court's Summary Judgment Ruling[.]"[2] (Dkt. No. 61 at 1). Accordingly, the Court holds that Austin's claims are time-barred and should be dismissed.

---

[2] In their Response, Plaintiffs assert that "the Court should find the applicable statute of limitations is four years[.]" (Dkt. No. 61 at 1). In doing so, Plaintiffs incorporate by reference the arguments made previously in their Response, (Dkt. No. 52), to HCC's original Motion for Partial Summary Judgment on the Grounds of Limitation, (Dkt. No. 51). Judge Hughes has already ruled on that Motion in favor of HCC, (Dkt. No. 54), and Plaintiffs do not presently contest the holding that a two-year statute of limitations is applicable in this case. Therefore, the Court will not reconsider Judge Hughes's holding as to limitations.

### B. PLAINTIFFS' MOTION AS TO GERMAINE WASHINGTON

Plaintiffs argue that Washington pleaded "allegations and adduced competent evidence that she is currently suffering harm and that she suffered harm in 2021 and earlier in 2022, all of which is within the two-year statute of limitations." (Dkt. No. 60 at 1). In response, HCC asserts that Plaintiffs "conveniently omit Washington's claimed injuries and claims from January 2018," and argue that Plaintiffs' Motion "should be denied as to Washington's alleged injuries and claims that accrued prior to June 19, 2018." (Dkt. No. 62 at 1). HCC argues that Washington's January 2018 claims "should remain dismissed with prejudice." (*Id.* at 2). HCC does not contest Plaintiffs' assertion that Washington has also pleaded "sufficient facts which would plausibly give rise to a claim . . . and has provided factual allegations that are not time-barred by the applicable statute of limitations." (Dkt. No. 60 at 5). Accordingly, the Court withdraws the previous order as to Plaintiff Washington's claims that are not time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Reconsideration of Summary Judgment Ruling and Partial Dismissal Order as to Plaintiff Joan Austin, (Dkt. No. 59), and **GRANTS** Plaintiffs' Motion for Reconsideration of Partial Dismissal Order as to Germaine Washington, (Dkt. No. 60). Plaintiff Joan Austin's claims are **DISMISSED**. Plaintiff Germaine Washington's claims arising after June 19, 2018 are **REINSTATED**.

It is SO ORDERED.

4

Signed on September 26, 2023.

                                                          _____
                                                                       **DREW B. TIPTON**
                                                  **UNITED STATES DISTRICT JUDGE**